**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Juan Gabriel Correa-Perez, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiffs<br>v.<br>American Floor Covering & Remodeling, Inc., and Jeffrey D. Worthem, individually, Defendants | Jury Demanded on all claims |

**COMPLAINT**

NOW COMES, Juan Gabriel Correa-Perez on behalf of himself and all other similarly situated persons, known and unknown ("Plaintiff"), through counsel, and for his Complaint against American Floor Covering & Remodeling, Inc., and Jeffrey D. Worthem, individually, ("Defendants"), states:

**INTRODUCTION**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week. Plaintiff also seeks redress under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to compensate him for all time worked and wages earned.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated persons their earned and living wages.

4. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims is invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES
### Plaintiff

7. Plaintiff resides and is domiciled in another judicial district, but was employed by Defendants in this judicial district.

8. During the course of his employment, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS §115/1 et seq.

### Defendants

9. Defendant American Floor Covering & Remodeling, Inc. is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Defendant American Floor Covering & Remodeling, Inc. has had two (2) or more employees who have handled goods which have moved in interstate commerce.

11. Defendants American Floor Covering & Remodeling, Inc., and Jeffrey D. Worthem are Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

12. Defendant Jeffrey D. Worthem is the President of American Floor Covering & Remodeling, Inc. and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Upon information and belief, Defendant Jeffrey D. Worthem resides and is domiciled in Spring Grove, Illinois, which is in this judicial district.

## FACTS

14. Plaintiff worked for Defendants between 1999 and 2014.

15. Plaintiff worked as a general laborer for Defendants.

16. Plaintiff often worked overtime but was not paid overtime wages at one and a half (1.5) his regular rate for all time worked in excess of forty (40) hours in a regular workweek.

17. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA and the IMWL.

18. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times the regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## CLASS AND COLLECTIVE ALLEGATIONS

19. Plaintiff brings Counts I of this Complaint as a collective action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(c).

20. Plaintiff will seek to certify, as a class action pursuant to Fed. R. Civ. P. Rule 23, the state law claims for Illinois-mandated overtime wages arising under the IMWL and for earned wages arising under the IWPCA. Plaintiff will ask this Honorable Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the Class.

21. Plaintiff brings Count II and III of this Complaint as a class action pursuant to Fed. R. Civ. P. Rule 23 because:

    A. The class of current and former employees of Defendants that Plaintiff seeks to represent is so numerous that joinder of all class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants employed more individuals in Illinois during the IMWL and the IWPCA Class Periods.

    B. The class representatives and the class members have been equally affected by Defendants' failure to pay overtime wages.

    C. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

    D. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation, whether:

        i. Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

        ii. Defendants failed to pay Plaintiff and the Class for all time worked in individual work weeks at the rate agreed to by the Parties during the IWPCA Class Period.

E. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

F. The Defendants' books and records are material to Plaintiff's action because they may disclose certain information about the hours worked by each employee and the rate of pay for that work.

G. Defendants violated the IMWL, IWPCA, and the FLSA by refusing to compensate Plaintiff and the members of the class in a manner consistent with the overtime wage provisions of these laws.

22. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I: VIOLATION OF THE FLSA
**(Overtime Wages)**

23. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff and other similarly situated persons were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

25. Defendants did not compensate Plaintiff or similarly situated persons at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

27. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and similarly situated employees respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Overtime Wages)

28. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

30. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

31. Other members of the class were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

32. Plaintiff and other class members were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

33. Defendants did not pay Plaintiff, and other class members, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34. Defendant's violated the IMWL by failing to pay Plaintiff, and other members of the class, overtime wages for all hours worked in excess of forty (40) hours in individual work weeks.

35. Pursuant to 820 ILCS 105/12(a), Plaintiff and other class members are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

36. The Class that Plaintiff seeks to represent in regards to the IMWL claim against Defendants is composed of and defined as all persons who have been employed by Defendants and not properly compensated their overtime wages during that period.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23;

B. Enter a judgment in the amount of overtime wages due to Plaintiff and the Class as provided by the IMWL;

C. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Enjoin Defendants from violating the IMWL;

F. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: ILLINOIS WAGE PAYMENT AND COLLECTION ACT VIOLATION

37. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

38. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff all wages earned during all time worked for Defendant at the rate agreed to by the parties.

39. During the course of his employment with Defendant, Plaintiff had an agreement with the Defendant, within the meaning of the IWPCA, to be compensated for all hours worked at the rate agreed to by the parties.

40. Defendant did not pay Plaintiff and other similarly situated employees for all hours worked at the rates agreed to by the parties.

41. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

42. Plaintiff and the class are entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

43. Defendants' failure to pay Plaintiff for all time worked violated the IWPCA.

44. The Class that Plaintiff seeks to represent in regard to the IWPCA claims against Defendants is composed of and defined as all persons who have been employed by Defendant and not properly compensated for all their earned wages at the rate agreed to by the parties.

WHEREFORE, Plaintiff and the class respectfully requests that this Honorable Court:

A.  Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23;

B.  Enter a judgment in the amount of all unpaid wages due to Plaintiff and the Class as provided by the IWPCA;

C.  Award Statutory damages as provided for by the IWPCA;

D.  Declare that Defendants have violated the IWPCA;

E.  Enjoin Defendants from violating the IWPCA;

F.  Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.  Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

By:  s/Raisa Alicea  
    Raisa Alicea, Esq.

**CONSUMER LAW GROUP, LLC**  
6232 N. Pulaski, Suite 200  
Chicago, IL 60646  
PHONE: 312-878-1263  
FAX: 888-270-8983  
EMAIL: ralicea@yourclg.com